UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINA OWNBEY and
STEPHANIE ELLIOTT,

Plaintiffs,

v. Case No. 3:23-cv-803-BJD-JBT

KYLE WILLIAM MAYNARD and
UNIVERSITY CORP.,

Defendants.
_______________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand (Doc. 6; Motion).[1]

## A. Background

Plaintiffs sued Defendants in state court to recover for injuries sustained in a vehicle collision. (See generally Doc. 3). Defendants timely removed the case by invoking the Court's diversity jurisdiction. (Doc. 1 at ¶7). It is undisputed that the parties' citizenships are diverse. Id. at ¶8); see also Motion at ¶2. The timeliness of the removal based on the initial service of the lawsuit upon Defendant is also not disputed. (Doc. 1 at ¶2); see generally

[1] Plaintiffs' Motion lacks certification as required under Rule 3.01(g) of the Local Rules for the United States District Court for the Middle District of Florida. Plaintiffs' counsel is cautioned to abide by the Local Rules in future filings.

Motion. At issue is whether the amount in controversy exceeds $75,000. Motion at ¶3.

**B. Legal Standard**

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] . . . all doubts about jurisdiction should be resolved in favor of remand to state court." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. §1332(a); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). If a case is initiated in state court and does not meet the jurisdictional requirements with the initial pleadings, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in [28 U.S.C. § 1332(a)], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under" 28 U.S.C. § 1446(b)(3). 28 U.S.C. § 1446(c)(3)(A).

**C. Discussion**

The removal process "was created by Congress to protect defendants." Legg v. Wyeth, 428 F.3d 1317, 1325 (11th Cir. 2005). "Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." Id. (quotation marks and citation omitted).

Here, Defendants base diversity jurisdiction on Plaintiff Ownbey's "demands for settlement in amounts that far exceed[ ] the $75,000.00 amount necessary to establish the" jurisdictional requirement. (Doc. 1 at ¶5). Defendants submitted six attachments to their Notice of Removal, including the state court docket and pleadings. (See Doc. 1.5). Within these attachments is the state court civil cover sheet, with Plaintiffs attesting the amount of the claim is "over $100,000.00." Id. at 2–4.

As the Eleventh Circuit has explained, "[a] diverse plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). Additionally, a diverse plaintiff may "delay sending evidence of the jurisdictional amount to the defendant until after the one-year deadline passes." Id. at 767 n.22. Either of these actions would "subject the defendant's right to remove to the caprice of the plaintiff, which the Supreme Court has said in another context that we should not do." Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938).

The amount in controversy is evaluated at the time of removal. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."). Here, the total amount Plaintiffs seek to recover is not stated in the Complaint, and as such, the Court considers Plaintiff's claim for damages to be indeterminate on the basis of the pleadings. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 (11th Cir. 2003); see also Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that

the amount in controversy more likely than not exceeds the jurisdictional requirement.") (internal alterations and quotations omitted); (see generally Doc. 3).

In the Complaint, Plaintiffs claim damages that "exceed[ ] $50,000, exclusive of costs, interest[,] and attorneys' fees." (Doc. 3 at ¶1). On the state court civil cover sheet, Plaintiffs indicated "the estimated value of the claim" was "over $100,000.00." Doc. 1.5 at 2. When signing the state court civil cover sheet, Plaintiffs' counsel certified that the information "provided in this cover sheet is accurate to the best of [his] knowledge and belief[.]" Id. at 4. No other information about the valuation of the case was provided in the removal documents or in the Motion. (See Docs. 1; 1.5; 6).

The information contained in the state court civil cover sheet is considered "other paper" for the purposes of determining whether removal is proper. See Seaman v. Holiday CVS, LLC., No. 3:22-cv-76-BJD-PDB, Doc. 21 (M.D. Fla. July 12, 2022) (explaining why a Florida state court civil cover sheet is considered an "other paper"). As the Eleventh Circuit has explained, "[w]hat constitutes 'other paper' . . . has been developed judicially." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.62 (11th Cir. 2007) not followed as dicta in Pretka, 608 F.3d 744 (11th Cir. 2010). "Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify." Id. These documents include "responses to request

for admissions[,]" "settlement offers[,]" "interrogatory responses[,]" "deposition testimony[,]" "demand letters[,]" and "email estimating damages[.]" Id. (citing Wilson v. Gen Motors Corp., 888 F.2d 779, 780 (11th Cir. 1989); Addo v. Globe Life Accident Ins. Co., 230 F.3d 759, 761–62 (5th Cir. 2000); Akin v. Ashland Chem Co., 156 F.3d 1030, 1036 (10th Cir. 1998); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996); Williams v. Safeco Ins. Co., 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999); and Callahan v. Countrywide Home Loans, Inc., Case No.: 3:06-105, 2006 WL 1776747, at *3–*4 (N.D. Fla. June 26, 2006)).

A state court civil cover sheet setting forth a specific amount in controversy, at the very least, is "properly considered [as] an 'other paper' under [28 U.S.C.] § 1446(b)(3)." Paros Props. LLC v. Colorado Cas. Ins. Co., 835 F.3d 1264, 1272 (10th Cir. 2016); see also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) (determining that a cover sheet could potentially be an "other paper," but not when the cover sheet states an indeterminate amount in controversy). "There is no ambiguity in [a] cover sheet." Id. Additionally, the information in a cover sheet amounts to "an assertion by an officer of the court on a matter of significant consequence[.]" Id. at 1272–73.

The state court civil cover sheet states "[t]he civil cover sheet and the information contained in it neither replace nor supplement the filing and

service of pleadings or other documents as required by law." (See Doc. 1.5 at 2); see also Fla. R. Civ. P. Form 1.997. The purpose of the form is to collect and report "uniform data pursuant to" Florida Statutes § 25.075. (See Doc. 1.2); see also Fla. R. Civ. P. Form 1.997.

The state court civil cover sheet is an "assertation by an officer of the court" because it asks the submitter whether the information "provided in this cover sheet is accurate to the best of [his] knowledge and belief[.]" (Doc. 1.5 at 4); see also Paros Props. LLC, 835 F.3d at 1272–73. The state court civil cover sheets are used as a reporting mechanism, codified in Florida law, for the purpose of maintaining uniform case reporting within Florida's state court system. See Fla. Const. art. V § 9; Fla. Stat. § 25.075. See also Paros Props. LLC, 835 F.3d at 1272–73; Seaman, No. 3:22-cv-76, (Doc. 21 at 7 n.1) (explaining why a Florida state court civil cover sheet should be scrutinized as an "other paper" given the Florida Supreme Court relies on the data in the sheets "in its annual reporting system to determine and certify whether the state court system needs additional judges").

Plaintiffs had the opportunity on the state court civil cover sheet to estimate the amount of the claim to be at or below $75,000.00. (See Doc. 1.5 at 2). Plaintiffs chose to value this claim to be "over $100,000.00." See id. There is no ambiguity in Plaintiff's estimated valuation of this claim based on the state court civil cover sheet. See Paros Props. LLC, 835 F.3d at 1272.

Accordingly, this Court finds the state court civil cover sheet Plaintiffs filed is an "other paper" that can be used, in part, to determine the amount in controversy for removal purposes. See Lowery, 483 F.3d at 1213 n.62; Adventure Outdoors, Inc., 552 F.3d at 1294–95. See also Toro v. CSX Intermodal Terminals, Inc., 199 F. Supp. 3d 320, 324 (D. Mass. 2016) ("Defendants could have also taken notice from [plaintiff's] civil cover sheet that accompanied his Superior Court complaint, in which he estimated that his damages were $50,000.").

Plaintiffs' estimated valuation that this case is worth more than "$100,000.00" is also supported by other findings from this Court. "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061–62 (internal quotations omitted). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. Nonetheless, "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Pretka, 608 F.3d at 773 (11th Cir. 2010) (internal quotations omitted). The Court may consider documents in existence at the time of removal, even if those

documents only later became part of the record. See White v. PDB State Farm Mut. Auto. Ins. Co., No. 3:13-CV-765-J-99TJC, 2013 WL 6061890, at *5 (M.D. Fla. Nov. 18, 2013) (Corrigan, J.).

Here, both Plaintiffs allege they suffered either "permanent or continuing" injuries, including "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, activation of a latent condition[,] and aggravation of a previously existing condition." (Doc 3 at ¶¶13, 15, 17, 19[2]). While this language is standard in nearly all personal injury cases, Plaintiffs reference "permanent or continuing" injury and an aggravation of a previously existing condition. At the very least, with Plaintiffs' alleged continuing injuries and with the Plaintiffs' own representation that estimates the value of this case to be "over $100,000.00," the Court can extrapolate that the value of this case more likely than not exceeds the amount in controversy threshold for removal in this case. See Roe, 613 F.3d at 1061–62.

Accordingly, it is

**ORDERED:**

---

[2] Plaintiffs misnumber their Complaint. After paragraph 17, the Complaint has two paragraphs, numbered 1–2. These allegations should be 18 and 19, respectively.

Plaintiff's Motion to Remand (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 20th day of July 2023.

BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record